Lessee of HENRY DRINKER *against* WILLIAM HOLLIDAY, junior.

Declarations of the surveyor general no evidence as to the return of a survey.
General rules respecting warrants, locations and surveys laid down.

EJECTMENT for 326 acres of land in Frankstown township.

The plaintiff claimed under a warrant to Samuel Litton, dated 1st August 1766, a survey thereon by Richard Tea, on the 15th

June 1767, a deed from Litton to Samuel Wallis, dated 30th September 1766, a patent to Wallis, dated 28th February 1782, a conveyance from Samuel Wallis and wife to Abel James, and the lessor of the plaintiff, dated 4th September 1782, and a release from James to him on the 8th April 1784.

The defence was grounded on a location, (as it is called,) in the name of Timothy M'Kinley, dated 3d March 1763, a survey thereon by Richard Tea, on the 18th March 1765, and an additional survey made by Thomas Smith, esq. on the 2d December 1774, founded on a direction to him by the surveyor general, indorsed on a warrant to M'Kinley, dated the same 3d March 1763, in these words ; " It is supposed that the land for which this warrant was granted, interferes with prior warrants.   Execute this warrant on the land left out by prior warrants, and make return into my office."

This latter survey included the lands now in controversy, but it appeared by Mr. Smith's deposition, that he did not at the time of making his survey, know that the survey before made by Tea under the location had been laid elsewhere, or that the small addition which he then made had been regularly surveyed before to another.

The declarations of the surveyor general, as to the return of the survey made for Wallis, were offered to show what passed at the time ; but the court overruled them.   His certificate of official papers is good evidence, but any independent fact must be established by his testimony like any other witness.   This point has been in effect ruled before in this country, May assizes 1793, in the case of Nesbit's lessee v. Titus et al.

The following general doctrine, after the counsel had gone through their arguments, was delivered in charge to the jury.

Much will depend on a party's pursuing his pretensions on a warrant, or location with due diligence ; where he is guilty of delay and laches, his claim to particular lands, which he might otherwise secure, shall be postponed to a subsequent warrant and survey, aided by vigilance and industry.

When a survey has been made, which is supposed to be injurious to another claimant, he ought to file his *caveat*, or institute his suit in a reasonable time, or account satisfactorily for his neglect.   Failing herein he shall suffer for his negligence, and particularly so where his adversary has proceeded to complete his legal title, or bestowed considerable labor in improvements.

Every survey will be presumed to be made by the consent of the applicant, unless the contrary appears, and where his dissent

does appear, he must make an early complaint to the surveyor general, or in his default, to the Board of Property. If he is remiss herein, his negligence will operate strongly against him, and under many circumstances he will be supposed to have abandoned his objections to the survey.

When a survey has been completed on the ground, a new survey cannot be made without new directions, because the authority of the deputy surveyor has been determined. When such fresh powers have been given, no additional survey shall affect a fair and honest survey prior thereto, though made on a subsequent warrant or location. The intervening right shall be protected. The consequence of squeezing out titles obtained *bona fide*, after the claim of an early warrant has been satisfied, by opening the lines already closed, are highly injurious to society, and the measure is unjust in itself.

It is the duty of a deputy surveyor to return the survey made by him to the proper office. His default herein shall not be imputed to the person in whose favor the survey has been made. The latter depends on the actual lines run on the ground, which in fact constitute the survey. The field notes, draft or return are mere evidences of it.

These are general rules respecting warrants, locations and surveys. Like all general rules, they may admit of some exceptions under special cirumstances.

Verdict for the plaintiff.

Messrs. Cadwalader, and Walker, *pro quer.*
Messrs. Hamilton and Woods, *pro def.*

[Note, the same general outlines in effect were given in charge at the same assizes, between the lessee of John Hollinshead and Thomas Pollack, and the jury found accordingly.]